# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

DANIEL MACAUTHER WILSON,[1]             :
#260779,

    **Plaintiff,**                              :

vs.                                      :    CIVIL ACTION 19-0956-KD-N

**CLARK STANKOSKI,** *et al.***,**              :

    **Defendants.**                             :

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful review, it is recommended that the claim for release be dismissed with prejudice as frivolous, the damages claims against Defendant Stankoski be dismissed with prejudice as frivolous, and the claims against Defendants Perdue and Hudson be dismissed without prejudice for failure to state a claim upon which relief can be granted, and that this action be dismissed in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(i-iii).

---

[1] The Alabama Department of Corrections' website reflects that Plaintiff's middle name is spelled MacArthur. In addition, in Plaintiff's habeas action, *Wilson v. Crow*, CA No. 19-0957-KD-N (S.D. Ala. Sept. 24, 2020), the State referred to Plaintiff's middle name as MacArthur, noting his middle name has been spelled a variety of ways. (Doc. 22 at 1, PageID.105). Moreover, his habeas petition was filed the same day as this § 1983 action and was dismissed for failure to exhaust state-court remedies. (Doc. 27, PageID.245).

**I. Complaint.**  (Doc. 1).

      Plaintiff names as Defendants Clark Stankoski, Circuit Court Judge of Baldwin County, Alabama[2]; Tommy Lee Perdue, an officer with the Foley Police Department; and Daniel Hudson, an officer with the Foley Police Department. (Doc. 1 at 5, PageID.5).  Plaintiff's brief allegations concern several criminal proceedings that contributed to his present incarceration, which is based on a revocation.  In 2014, Plaintiff was convicted of second-degree burglary.[3] (*Id.* at 6, IV(A)(1, 4), PageID.6).  He received a fifteen-year sentence, which was split. (*Id.*). On August 22, 2019, Defendant Stankoski revoked him. (*Id.* at 6, PageID.6).  The allegations appear to show that his 2014 conviction's probation sentence was revoked due to a possession case[4] he received on September 7, 2018, DC-2018-5062. (*Id.* at 3-6, PageID.3-6).[5]  Then, Plaintiff asserts that his September 7, 2018

---

[2] Plaintiff merely referred to Judge Stankoski as a judge at the Baldwin County Courthouse. (Doc. 1 at 5, PageID.5).  Alabama case law reflects that he is an Alabama circuit court judge. *Devine v. Bank of N.Y. Mellon Corp.,* 296 So.3d 849 (Ala. 2019) (appeal from CV-17-901237); *Grice v. Alabama,* 275 So.3d 1167 (Ala. Crim. App.) (appeal from J. Stankoski's partial probation revocation in CR-17-0864).

[3] On the same line containing this information, Plaintiff also refers to possession of a controlled substance. (Doc. 1 at 6, IV (A)(1), PageID.6).  When considering the information contained in section IV, it is clear that Plaintiff has provided information for more than one conviction or criminal proceeding in his responses, placing the Court in the position of having to sort through the information.  And Plaintiff's indication that a conviction and a sentence have been invalidated does not specify which conviction and sentence have been invalidated. (*Id.* at 6, IV(B), PageID.6). Considering his other allegations, the invalidation appears to relate to the 2018 possession case that was nolle prossed.

[4] Plaintiff refers to the possession case as a case, not a charge or conviction.

[5] Plaintiff allegations concerning the convictions and their sentences on which he was revoked have not been pled clearly in this § 1983 action.  Thus, the Report and Recommendation in Plaintiff's habeas action, *Wilson v. Crow,* CA 19-967-KD-N (S.D. Ala. Sept.24, 2020), which was dismissed for failure to exhaust state-court remedies, was reviewed. *See Nguyen v. U.S.,* 556 F.3d 1244, 1259 n.7 (11th Cir. 2009) (holding the court can take judicial notice of its records).  The Report and

2

possession case was nolle prossed on October 9, 2019.  (*Id.* at 3, PageID.3).

On September 7, 2018, Plaintiff alleges that Defendants Perdue and Hudson

---

Recommendation sheds light on his convictions, to-wit:

> In Baldwin County Circuit Court Case No. CC 14-1884 ("the 2014 Case"), Wilson pled guilty to a charge of second degree burglary and was sentenced on June 18, 2015, to fifteen years in prison, with the sentence split to serve a year and a day in prison followed by 3 years of probation. (*See* Docs. 22-1, 22-2, 22-3 [Respondent's Exs. A, B &C]).  In Baldwin County Circuit Court Case No. CC-17-982 ("the 2017 Case"), Wilson pled guilty to a charge of unlawful possession of a controlled substance and was sentenced on August 9, 2017, to 97 months in prison, with the sentence split to serve a year and a day followed by 3 years of probation. (*See* Docs. 22-6, 22-7 [Respondent's Exs. F, G]).  That same day, Wilson's probation was revoked in the 2014 Case, and he was sentenced to a year and a day in prison followed by 3 years of probation. (*See* Doc. 22-5 [Respondent's Ex. 5]).  His sentence in the 2017 Case was ordered to run concurrent with his revocation sentence in the 2014 Case. (*See* Doc. 22-7, Page ID.128).  In August 2019, Wilson's probation was revoked in both the 2014 Case and the 2017 Case, and he was sentenced to serve the balance of his original sentences of imprisonment, with said sentences to run concurrently. (*See* Doc. 22-8 [Respondent's Ex. H]).  Wilson gave notice of appeal of the August 2019 revocation, and he was appointed appellate counsel. (*See id.*).
>
> . . . .
>
> During the pendency of Wilson's *pro se* mandamus proceedings, in Baldwin County Circuit Court Case No. CC-18-062 ("the 2018 Case"), Wilson pled guilty to a charge of second degree burglary and *was sentenced on October 9, 2019*, to 5 years in prison, with that sentence to run concurrently with the August 2019 revocation sentences in the 2014 Case and the 2017 Case. (*See* Doc. 22-9, 22-10 [Respondent's Exs. I & J].  No appeal was taken of that judgment.
>
> In his appeal of his August 2019 revocation (Court of Criminal Appeals Case No. CR 18-1243), in October 2019, the Court of Criminal Appeals, noting written correspondence received from Wilson regarding that appeal, and his *pro se* mandamus proceedings in Case No. CR-18-1243. (See Docs. 22-19, 22-20 [respondent's Exs. S & T]).  In response, both Wilson, acting *pro se*, and his appointed appellate counsel moved to voluntarily dismiss Wilson's appeal in Case No. CR-18-1243 (*see* Doc. 22-21, 22-22 [Respondent's Exs. U & V]); the Court of Criminal Appeals granted dismissal on October 25, 2019, and issued judgment that same day. (*See* Docs. 22-24, 22-25 [Respondent's Exs, X & Y]).  (emphasis added)

Doc. 24 at 3-5, PageID.228-230.

In addition to the foregoing habeas action challenging his revocation, Plaintiff filed *Wilson v. Mahalovich*, CA No. 20-0008-TFM-B (S.D. Ala. Mar. 9, 2020), in which he sued his probation officer for her testimony at his probation revocation hearing on August 22, 2019. (Doc. 3 at 10, PageID.15-16).  This § 1983 action was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i-iii).

conducted an illegal search and seizure. (*Id.* at 4, PageID.4). He was parked on private property when Defendant Perdue wrote him two tickets for driving carelessly. (*Id.*). He was also detained on the private property. (*Id.*). Defendant Perdue is alleged to have admitted that he did not pull over Plaintiff. (*Id*). Plaintiff maintains that there were no warrants on him and complains that his car and tag number were never called in, nor was there a body or dash camera. (*Id.*).

In addition to the search and seizure claim, Plaintiff brings claims against Defendant Perdue for falsely imprisoning him, coercing and harassing him, and not having body or dash camera footage. (*Id.* at 5, PageID.5). For facts to support these claims, Plaintiff refers to his case of September 7, 2018 for possession, DC-2018-5062, which was nolle prossed on October 9, 2019, and states that this case caused him to be revoked and sent to prison. (*Id.*). With respect to Defendant Hudson, Plaintiff alleged claims of illegal search and seizure, false imprisonment, harassment, and coercion against him. (*Id.* at 5-6, PageID. 5-6). For facts to support these claims, Plaintiff conveys the same facts that he offered in support of his claims against Defendant Perdue. (*Id.* at 6, PageID.6).

The remaining Defendant is Judge Stankoski, whom he claims had a conflict of interest and falsely imprisoned him. On August 22, 2019, Defendant Stankoski revoked Plaintiff. (*Id.* at 4, PageID.4). Defendant Stankoski was previously Plaintiff's retained attorney but then became a judge; thus, Plaintiff alleges it was a conflict of interest for him to preside over Plaintiff's revocation on August 22, 2019. (*Id.* at 5, PageID.5). Plaintiff contends that he was "bypassed" for his preliminary

4

hearing, which is a constitutional right. (*Id.* at 4, PageID.4). At a hearing, "no evidence was shown," and Defendant Hudson, who did the "illegal search and seizure" and "wrote the report," did not appear at the hearing, thereby violating Plaintiff's right of confrontation. (*Id.*).

For relief, Plaintiff requests the $300,000.00 and his freedom. (*Id.* at 7, PageID.7).

## II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing his complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. *Id.*

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173

5

L.Ed.2d 868 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  *Twombly*, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original).  But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949.

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney, *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998), but "this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."  *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir.) (citation and quotation marks omitted), *cert. denied*, 574 U.S. 1047 (2014).  The Court treats factual allegations as true, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements.  *Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1951.  In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure."  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

### III. Discussion.

#### A. Claim for Release.

At the outset, the Court notes Plaintiff's request for his freedom.  The Court construes this as a request for release, which cannot be granted in this § 1983 action.

*Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973). "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release[.]" *Heck v. Humphrey*, 512 U.S. 477, 481, 114 S.Ct. 2364, 2369, 129 L.Ed.2d 383 (1994). And release from confinement can only be gained in a habeas proceeding after there has been exhaustion of state-court remedies. *Preiser*, 411 U.S. at 494-95, 500, 93 S.Ct. at 1839, 1841. Thus, Plaintiff's claim for release is due to be dismissed with prejudice as frivolous because it lacks an arguable basis in law. *Neitzke*, 490 U.S. at 325, 109 S.Ct. at 1831-32.

### B. Claim Against Defendant Stankoski.

Turning to Defendant Stankoski, Plaintiff's damages claims against Defendant Stankowski are for handling his revocation case, and ultimately revoking him, even though a conflict-of-interest existed, and for falsely imprisoning him. (*Id.* at 5, PageID.5). With regard to the revocation case, Plaintiff maintains that he did not receive a preliminary hearing, no evidence was shown at a hearing, and his right to confront his accusers was violated when Defendant Hudson did not appear. (*Id.* at 4, PageID.4).

In a § 1983 action, a judge is entitled to absolute judicial immunity from damages for those acts taken while he was acting in his judicial capacity unless he acted in the "'clear absence of all jurisdiction.'" *Stump v. Sparkman,* 435 U.S. 349, 357, 362, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 13 Wall. 335, 351, 20 L.Ed. 646 (1871)); *Simmons v. Conger*, 86 F.3d 1080,

1084-85 (11th Cir. 1996); *Scott v. Hayes*, 719 F.2d 1562, 1563 (11th Cir. 1983).  A judge is entitled to this immunity even though his action "was in error, was done maliciously, or was in excess of his authority[.]" *Stump*, 435 U.S. at 356, 98 S.Ct at 1105.  Absolute judicial immunity is a "'general principle of the highest importance to the proper administration of justice [to ensure] that a judicial officer, in exercising that authority vested in him, [is] free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Id.* at 355, 98 S.Ct. at 1104 (quoting *Bradley*, 13 Wall. at 347).

In the present action, Plaintiff complains about his probation being revoked by Defendant Stankoski.  As a circuit court judge, Defendant Stankoski manages and rules on criminal cases that come before him.  The allegations against Defendant Stankoski for handling Plaintiff's revocation proceedings and hearing are criminal matters typically performed by a circuit judge.  Plaintiff contends that there was error associated with his revocation case - a conflict of interest existed, a lack of preliminary hearing, a lack of evidence at the hearing, and a violation of his right to confront his accusers.  (Doc. 1 at 4-5, PageID.4-5).  Based on these allegations, it is apparent that Plaintiff dealt with Defendant Stankoski in his judicial capacity.

Furthermore, as a circuit court judge, Defendant Stankoski is authorized to hear felony criminal matters.  *See* ALA. CODE § 12-11-30(2) ("The circuit court shall have exclusive original jurisdiction of all felony prosecutions. . . .).  A conviction for burglary, second degree, is a Class B felony.  ALA. CODE § 13A-7-6(b) (2006).  And § 15-22-54(e) of the Alabama Code authorizes the court to revoke probation.

Accordingly, Defendant Stankoski was acting within his jurisdiction as an Alabama circuit court judge when he ruled on Plaintiff's revocation.

Because both prongs of the *Stump* test are satisfied, Defendant Stankoski is entitled to absolute judicial immunity from Plaintiff's damages claims. Accordingly, Plaintiff's damages claims against Defendant Stankoski are frivolous as a matter of law and are due to be dismissed with prejudice.

C. **Claims Against Defendants Perdue and Hudson**.

Turning to the two Foley police officers, Defendants Perdue and Hudson, Plaintiff's claims against them arise on September 7, 2018, in connection with a possession case, DC 2018-5062. (Doc. 1 at 5-6, sec. III (B)(2 & 3), PageID.5-6). This case was nolle prossed on October 9, 2019. (*Id.*). However, Plaintiff maintains that this possession case was used to revoke his probation and return him to prison on August 22, 2019. (*Id.*).

Plaintiff made brief, disjointed allegations attacking the validity of the possession case – illegal search and seizure, false imprisonment, harassment, coercion, no body or dash camera footage, he was not pulled over, he was on private property, he was written two tickets because Defendant Perdue saw him driving carelessly, Defendants had no warrants on him, his car and tag number were never called in, and he was detained on private property. (Doc. 1 at 4-6, PageID.4-6).

Plaintiff's action appears to be an attack on his revocation so he can be released. A major basis for Plaintiff's challenge to his revocation is that the possession case used to revoke him was nolle prossed. Defendants Perdue and

Hudson are not otherwise connected to Plaintiff's revocation. Plaintiff proceeds in very few words to describe reasons the possession case was nolle prossed or flawed. The allegations of harassment and coercion do not present a plausible *constitutional* claim related to the case. Some of the other allegations do not plausibly state a claim because there are no facts offered to support these legal terms, e.g., illegal search and seizure, false imprisonment. In other words, they are conclusory and vague; such terms are subject to dismissal for failure to state a claim. *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). And then the other allegations appear to be a part of a defense to the validity of the possession case – no camera footage, not pulled over, no warrants, being on private property, and his car and tag number not being called in – and do not state why no probable caused existed.

For some of these allegations to have relevance to a constitutional claim, they must be presented in a framework that probable cause did not exist. *See* U.S. CONST. IV ("The right of the people to be secure in their persons, . . . and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."); *Williams v. Aguirre,* 965 F.3d 1147, 1158 (11th Cir. 2020) ("A claim of false arrest or imprisonment under the Fourth Amendment concerns seizures without legal process, such as warrantless arrests"). But facts must be pled to show that no probable cause existed for any crime at the time of the seizure or search. *Id.*; *Wright v. Dodd,* 438 F. App'x 805, 806 (11th Cir. 2011). That is, it cannot be simply

10

stated that "no probable cause" existed. (*Id.*). Plaintiff's allegations do not demonstrate that there was no probable cause.

However, if it is Plaintiff's purpose in bringing this action to challenge his revocation as being unconstitutional because the case used to revoke him was later nolle prossed, the decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.383 (1994), governs his action. The *Heck* Court held:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, (footnote omitted) a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, (footnote omitted) in the absence of some other bar to the suit. (footnote omitted)

*Id.* at 486-87, 114 S.Ct. at 487.

Here, in order for this § 1983 action challenging Plaintiff's probation revocation to proceed, Plaintiff must demonstrate that his probation revocation has

11

been invalidated by one of the methods enumerated by the *Heck* Court. *Green v. McGill-Johnston,* 685 F. App'x 811, 812 (11th Cir.) (applying *Heck* to a parole revocation where the plaintiff failed to show that his parole revocation had been overturned), *cert. denied*, 138 S.Ct. 1290 (2017); *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir.) (applying *Heck* to probation and parole proceedings where the court found that a favorable ruling on the plaintiff's illegal seizure claim would imply the invalidity his parole and probation), *cert. denied*, 516 U.S. 851 (1995).  Plaintiff has not shown that his probation revocation has been invalidated.  To the contrary, Plaintiff maintains the probation revocation keeps him incarcerated.  (Doc. 1 at 5, sec. III (B)(2)(b), PageID.5).  And Plaintiff's responses to the Court's questions about invalidation, (*see* Doc. 1 at 6, IV, PageID.6), appear to be connected to the possession case that was nolle prossed, which is the only criminal proceeding in his allegations that is consistent with invalidation.

Furthermore, if Plaintiff was merely seeking to hold Defendants Perdue and Hudson liable for any constitutional violations directly connected to the possession case of September 7, 2018, *Heck* would bar claims of that nature.[6]  *Heck* provides that "in order to recover damages . . . *for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid*, (footnote omitted) a §

---

[6] The *Heck* Court provided a limited example of a claim excluded from *Heck*'s bar, where "an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, . . . , and especially harmless error, . . . , such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful." *Heck*, 512 U.S. at 487 n.7, 114 S.Ct. at 2373 n.7. Allegations to satisfy this exclusion are not contained in the present complaint.

1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. at 487, 114 S.Ct. at 2372 (emphasis added). That is, if the Court was to rule favorably on a claim for Plaintiff based on the possession case of September 7, 2018, the favorable ruling would have the effect of implying the probation revocation was wrongful.[7]

Inasmuch as Plaintiff has not demonstrated that his probation revocation has not be invalidated in a manner required by the *Heck* Court, Plaintiff has failed to state a claim upon which relief can be granted against Defendants Perdue and Hudson. *See Wilkinson v. Dotson*, 544 U.S. 74, 82, 125 S.Ct. 1248, 161 L.Ed.2d 253 (2005) ("a prisoner cannot use § 1983 to obtain relief where success *would necessarily* demonstrate the invalidity of confinement or its duration"). Thus, the claims against Defendants Perdue and Hudson are due to be dismissed without prejudice. *Peterson v. Overstreet,* 819 F. App'x 778, 779 (11th Cir. 2020) (claims that are not ripe under *Heck* are dismissed without prejudice).

## IV. Conclusion.

Based upon the foregoing reasons, it is recommended that the claim for

---

[7] The *Heck* Court provided an analogous example of "a successful prosecution [that] would necessarily imply that the plaintiff's criminal conviction was wrongful [as when a] state defendant [who] is convicted of and sentenced for the crime of resisting arrest, defined as intentionally preventing a peace officer from effecting a lawful arrest. . . . He then brings a § 1983 action against the arresting officer, seeking damages for violation of his Fourth Amendment right to be free from unreasonable seizures. In order to prevail in this § 1983 action, he would have to negate an element of the offense of which he has been convicted." *Heck*, 512 U.S. at 487 n.6, 114 S.Ct. at 2373 n.6.

release be dismissed with prejudice as frivolous, the damages claims against Defendant Stankoski be dismissed with prejudice as frivolous, and the claims against Defendants Perdue and Hudson be dismissed without prejudice for failure to state a claim upon which relief can be granted, and that this action be dismissed in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(i-iii).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that

14

merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this 11th day of January 2021.

/s/ KATHERINE P. NELSON
**UNITED STATES MAGISTRATE JUDGE**